IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM HARRIS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23cv491 |
| | ) | **Electronic Filing** |
| **ASHLEY TRAFFICANTE** Mailroom | ) | |
| Supervisor, **SETH ERICKSON** Unit | ) | |
| Manager, **(FIRST NAME UNKNOWN)** | ) | |
| **CARLSON** Corrections Sargeant, | ) | |
| **RUSSELL WIBLE** Oral Surgeon, | ) | |
| **WESLEY TIFT** Security Captain Ret., | ) | |
| **(FIRST NAME UNKNOWN)** | ) | |
| **BATOVSKY** Corrections Officer, | ) | |
| **(FIRST NAME UNKNOWN)** | ) | |
| **QUATTRO** Corrections Officer, | ) | |
| **(UNIDENTIFIED EMPLOYEE CITED)** | ) | |
| Medical Services Staff Member, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff William Harris ("Plaintiff") commenced this prisoner civil rights action on or about March 3, 2022. The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. The case was assigned to United States Magistrate Judge Kezia O. L. Taylor on January 3, 2024, following Judge Lenihan's retirement.

The Magistrate Judge's Report and Recommendation (ECF No. 130) filed on August 14, 2025, recommended that Defendant Russell Wible's Motion for Summary Judgment be granted. Plaintiff timely filed objections to the Report and Recommendation on October 8, 2025.

Plaintiff's objections are unavailing. Plaintiff conflates the standards governing a motion to dismiss with those governing a motion for summary judgment. At this juncture, plaintiff must

come forward with information that can be reduced to admissible evidence that is sufficient to permit a finding that defendant Dr. Wible acted with deliberate indifference when he decided not to provide further expert treatment on October 21, 2021.  See Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 643 n.3 (3d Cir. 1998) (a non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial.") (quoting Fuentes v. Perskie, 32 F.3d 759, 762 n.1 (3d Cir. 1994)).

     Dr. Wible's assessment following the examination on October 27, 2021, was that plaintiff presented with a healed tooth extraction site and at that point any need to address his sinus condition was outside the realm of the dental care to be performed by an oral surgeon.  Dr. Wible did recommend follow-up treatment for this condition with an Ear, Nose and Throat specialist, subject to approval by the prison medical staff.

     Plaintiff points to his ongoing interactions with Dr. Tolner and the repeated notations in the record that plaintiff should be examined by an oral surgeon regarding his blocked sinus cavity.  And from this he extrapolates the proposition that Dr. Wible actually needed to treat his blocked sinus cavity when plaintiff was seen approximately 14 months after the extractions.  Of course, dissatisfaction of this nature is not the concern of the Eighth Amendment.  See Estelle, 429 U.S. at 106 (mere negligent misdiagnosis or treatment is not actionable because medical malpractice is not a constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (3d Cir. 1980) ("accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment.  See Estelle v. Gamble, supra, 429 U.S. at 105-06 . . . .  *A fortiori*, a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.

2

See, e.g., Bowring v. Godwin, supra, 551 F.2d at 48; Smart v. Villar, 547 F.2d 112, 114 (10th Cir.)); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d, 326, 346 (3d Cir. 1987) ("mere disagreement as to the proper medical treatment" is insufficient in establishing a constitutional violation) (citing Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir.1977); Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976) (per curiam)").

Moreover, plaintiff misunderstands the nature of his burden in the instant matter. The Supreme Court has made clear that proving "deliberate indifference entails something more than mere negligence" and requires proof of a subjective standard that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the official did in fact "draw the inference." Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). The United States Court of Appeals for the Third Circuit has found deliberate indifference in a number of instances involving the need for medical care within a penal facility, "including where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." Pearson v. Prison Health Service, 850 F.3d 526, 538 (3d Cir. 2017) (citing Lanzaro, 834 F.2d at 347).

Three principles are brought into play where an inmate seeks to establish deliberate indifference predicated on the adequacy of medical care provided in response to complaints involving a serious medical need. Pearson, 850 F.3d 535. They are: 1) deliberate indifference involves proving a subjective state of mind that can be accomplished through circumstantial evidence and witness testimony; 2) a critical distinction exists "between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical

3

treatment"; and 3) a mere showing of inadequate medical care does not itself prove the defendant acted with deliberate indifference. Id.

Because the mere inadequacy of care does not suffice to establish deliberate indifference, a plaintiff seeking to prevail in a dispute involving the adequacy of medical care has a sub-component in proving deliberate indifference that is not present in other situations. In this scenario the prisoner must show objectively that the treatment fell below the standard of care and then show that the deviation was the result of something more than inadvertence or a mistake in medical judgment. Id. In other words, a plaintiff seeking to establish deliberate indifference in an adequacy of care context must advance evidence that sufficiently displaces the presumption "that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." Id. (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights")).

This means that competent evidence such as expert testimony is required where the jury "would not be in a position to determine that the particular treatment or diagnosis fell below a professional standard of care." Id. Absent such testimony, the record must contain "other forms of extrinsic proof" that constitute sufficiently reliable evidence to permit such a finding. Id. (citing Brightwell v. Lehman, 637 F.3d 187, 194 n.8 (3d Cir. 2011)).

Plaintiff does not advance sufficient competent evidence to permit the trier of fact to determine that Dr. Wible acted with deliberate indifference. Dr. Wible did recognize that plaintiff had an "abnormal space between the maxillary sinus and oral cavity" that was healed and plaintiff's "sinus condition may or may not be related" to this condition. Plaintiff does not take issue with this determination. Instead, he argues that Dr. Wible should have treated him instead of determining that the condition was no longer a matter for an oral surgeon to treat but

4

instead was a matter for follow up with an ENT specialist. But each of the areas of evidence plaintiff advances to establish that this assessment amounted to deliberate indifference falls short of the level of competent and reliable evidence needed to withstand summary judgment.

Of course, plaintiff's own uncorroborated assertion that Dr. Wible should have provided more or different expert dental treatment when he saw plaintiff on October 27, 2021, and/or that what he did do was inadequate, is not evidence that can be used to undermine Dr. Wible's professional assessment that the extraction site had healed to the point where, at over one year from the extraction, plaintiff's condition was no longer a matter requiring the expertise and services of an oral surgeon. And the notations by Dr. Tolner in the months following the extractions do not undermine in any meaningful way Dr. Wible's assessment of the extraction site and whether oral surgery was indicated 14 months after extraction. They merely support the point that plaintiff needed to be evaluated by an oral surgeon after the extractions, which is precisely what Dr. Wible did, albeit months later due to decisions plaintiff made regarding COVID protocols and restrictions.

And finally, Dr. Wible did recommend further treatment. Plaintiff chose not to follow through with that recommendation because of his unwillingness to be seen by Dr. Herbik. Whether considered individually or collectively, an inference of deliberate indifference on the part of Dr. Wible cannot reasonably be drawn from these records, assertions and/or plaintiff's choice not to pursue the recommended follow up treatment.

Plaintiff's objections are unavailing and thus are overruled. It follows that the following order is appropriate.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 4th day of February, 2026,

IT IS ORDERED that [73] Defendant Russell Wible's Motion for Summary judgment be, and the same hereby is, granted. The [130] Report and Recommendation of Magistrate Judge Taylor dated August 14, 2026, as augmented above is adopted as the opinion of the Court.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   The Honorable Kezia O. L Taylor

      Counsel of record

      (*Via CM/ECF electronic mail*)

      William Harris
      CX-7039
      SCI Fayette
      50 Overlook Drive
      LaBelle, PA  15450

      (*Via United States Postal Service mail*)