IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM HARRIS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23cv491 |
| | ) | **Electronic Filing** |
| **ASHLEY TRAFFICANTE** Mailroom Supervisor, **SETH ERICKSON** Unit Manager, **(FIRST NAME UNKNOWN) CARLSON** Corrections Sargeant, **RUSSELL WIBLE** Oral Surgeon, **WESLEY TIFT** Security Captain Ret., **(FIRST NAME UNKNOWN) BATOVSKY** Corrections Officer, **(FIRST NAME UNKNOWN) QUATTRO** Corrections Officer, **(UNIDENTIFIED EMPLOYEE CITED)** Medical Services Staff Member, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM and ORDER

Plaintiff William Harris ("Plaintiff") commenced this prisoner civil rights action on or about March 3, 2022. The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. The case was assigned to United States Magistrate Judge Kezia O. L. Taylor on January 3, 2024, following Judge Lenihan's retirement.

The Magistrate Judge's Report and Recommendation (ECF No. 131) filed on August 20, 2025, recommended that Defendants Traficante, Tift, Carlson, Batovsky, Quattro, and Erickson ("Corrections Defendants")'s Motion for Summary Judgment be granted. Plaintiff timely filed objections to the Report and Recommendation on October 8, 2025.

Plaintiff's objections are unavailing. Plaintiff conflates the standards governing a motion to dismiss with those governing a motion for summary judgment. At this juncture, plaintiff must come forward with information that can be reduced to admissible evidence that is sufficient to permit a finding that 1) correction defendants Traficante and Tift's conduct interfered with plaintiff's ability to file an appeal in plaintiff's other lawsuit; 2) defendant Erickson acted with deliberate indifference in conjunction with plaintiff not receiving a new pillow for four days; 3) plaintiff exhausted all administrative remedies on his claim relating to the quality of his mattress and its replacement; 4) defendant Carlson caused plaintiff to suffer an adverse action; 5) defendants Batovsky and Quattro's actions can be found to rise to the level of deliberate indifference and otherwise to have caused plaintiff to suffer an actual injury; and 6) plaintiff was deprived of a sufficient opportunity to identify the unnamed individual in the complaint in a timely manner. See Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 643 n.3 (3d Cir. 1998) (a non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial.") (quoting Fuentes v. Perskie, 32 F.3d 759, 762 n.1 (3d Cir. 1994)). Plaintiff's reliance of the sufficiency of the allegations to state a claim for relief fail to overcome these evidentiary deficiencies at summary judgment.

Similarly, plaintiff's failure to understand the applicable rules requiring him to take action to preserve his rights is not a basis to hold defendants liable for conduct that had no effect in plaintiff losing his ability to seek appellate review. Nor does the fact that plaintiff has filed hundreds of grievances demonstrate that he exhausted his mattress claim. And highlighting the potential merits of any claim against the John Doe defendant does not excuse plaintiff's failure to pursue appropriate relief during discovery to its logical end.

Plaintiff's objections are unavailing and thus are overruled. It follows that the following order is appropriate.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 4th day of February, 2026,

IT IS ORDERED that [99] Defendants Traficante, Tift, Carlson, Batovsky, Quattro, and Erickson's Motion for Summary judgment be, and the same hereby is, granted. The [131] Report and Recommendation of Magistrate Judge Taylor dated August 20, 2025, as augmented above is adopted as the opinion of the Court.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   The Honorable Kezia O. L Taylor

   Counsel of record

   (*Via CM/ECF electronic mail*)


   William Harris
   CX-7039
   SCI Fayette
   50 Overlook Drive
   LaBelle, PA  15450

   (*Via United States Postal Service mail*)